IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-321-FDW
(3:10-cr-87-FDW-8)

| KATRINA GOULD, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

    **THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, and the Government's Response.

    In her § 2255 motion, which is signed under penalty of perjury, Petitioner raises claims of ineffective assistance of counsel and a claim that her prior conviction no longer qualifies based on, among other authority, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In one claim for relief regarding ineffective assistance of counsel, Petitioner avers that her trial attorney failed to file a direct appeal from her criminal judgment although Petitioner instructed her to do so. The Government agrees that Petitioner is likely entitled to relief based on Petitioner's sworn statement regarding her instruction to her trial attorney to file a notice of appeal. (Doc. No. 5). As the Government notes, failure to file a direct appeal following an instruction to do so is per se ineffective assistance of counsel and prejudice to Petitioner is presumed notwithstanding the potential merits of the appeal or the possible waiver of appellate rights. See, e.g., Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492

1

F.3d 263, 269 (4th Cir. 2007).

Because it appears that Petitioner has not had the benefit, if any, of a direct appeal from her criminal judgment, the Court will grant her motion to vacate solely for the purpose of entering an amended judgment from which she may file her timely notice of appeal. Petitioner's remaining claims will be dismissed without prejudice and the terms of her original judgment will remain unchanged.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **ALLOWED in part**. (Doc. No. 1). Petitioner's criminal judgment filed May 26, 2011, will be vacated and an amended judgment will be entered from which Petitioner may file a notice of appeal to the United States Court of Appeals for the Fourth Circuit.

**IT IS FURTHER ORDERED** that Petitioner's remaining claims in her Motion to Vacate will be **DISMISSED without prejudice** to her ability to pursue such claims following conclusion of her appellate proceedings, if any.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to enter an amended judgment which contains the same terms as her criminal judgment filed on May 26, 2011, (Doc. No. 3:10-cr-87, Doc. No. 188), and is further directed to close this civil case.

Petitioner is instructed that she shall have fourteen (14) days following entry of the amended judgment in order to file her written notice of appeal with the Clerk of Court.

Signed: May 3, 2013

Frank D. Whitney
United States District Judge